Certiorari granted, October 1, 2012
Vacated by Supreme Court, October 1, 2012

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-5118**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRACY BERNARD GIBSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:09-cr-00026-MR-4)

_____

Submitted: October 25, 2011           Decided: November 8, 2011

_____

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

James W. Kilbourne, Jr., DUNGAN LAW FIRM, P.A., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Laura L. Ferris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Bernard Gibson appeals the 240-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, Gibson argues that the district court abused its discretion in denying his motion to withdraw his guilty plea and that the 18 U.S.C. § 851 (2006) notice of prior conviction was invalid. The Government seeks enforcement of the appellate waiver provision in the plea agreement and dismissal of Gibson's second argument. We affirm in part and dismiss in part.

Gibson first argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. The district court may allow a defendant to withdraw his guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d). However, because there is "no absolute right to withdraw a guilty plea, . . . the district court has discretion to decide whether a fair and just reason exists." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted); see United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (reviewing denial of motion to withdraw guilty plea for abuse of discretion). Upon review, we conclude that the district court did not abuse its discretion in denying

2

Gibson's motion to withdraw. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (enumerating six-factor balancing test to determine propriety of permitting withdrawal); see also United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc) (stating that properly conducted plea colloquy "raise[s] a strong presumption that the plea is final and binding"). Accordingly, we affirm this portion of the appeal.

The Government asserts that the appellate waiver provision in the plea agreement bars our consideration of Gibson's remaining argument. We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted); see United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (providing standard). Generally, if the district court fully questions the defendant about the waiver during the Federal Rule of Criminal Procedure 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." Blick, 408 F.3d at 168.

In his plea agreement, Gibson agreed to waive the right to contest the conviction and/or the sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. Gibson asserts no error in the plea colloquy, nor does he credibly challenge the validity of his appellate waiver. Our review of the record leads us to conclude that Gibson's waiver was knowing and intelligent.

Turning to the scope of the waiver, we conclude that Gibson's challenge to his sentence based on the validity of the § 851 notice falls within the scope of the appellate waiver provision. Thus, we dismiss this portion of the appeal.

Accordingly, we affirm the district court's judgment in part and dismiss the remainder of the appeal as barred by the waiver provision in the plea agreement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4